IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



SANTOS REYES,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,
et al.,

    Defendants.

Civil Action No. 1:13-cv-547

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants HSBC Bank USA, N.A., as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust ("HSBC"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Samuel I. White, P.C.'s ("SIWPC") (collectively, "Defendants") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

On or about May 2, 2006, Plaintiff Santos Reyes ("Plaintiff") purchased property at 19451 Harmony Church Road, Leesburg, VA 20175 (the "Property") and entered into an adjustable interest rate loan transaction with MortgageIt, Inc. as Lender (the "Loan"). Plaintiff signed a Promissory Note for $452,000 (the "Note"), which detailed how and when the interest rate adjustments would occur over time. By signing the Note, Plaintiff agreed that "I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and

1

who is entitled to receive payments under this Note is called the 'Note Holder.'" In the First Deed of Trust ("DOT"), which was given to First American Title Insurance Company as Trustee for the benefit of MortgageIt, Inc., Plaintiff also acknowledged that the Note could be sold without prior notice to the Borrower. A second Deed of Trust in the amount of $56,041.00 was also attached to the Property.

On January 17, 2012, Mortgage Electronic Registration Systems, Inc., as Beneficiary and Nominee for MortgageIt, Inc., executed a Corporate Assignment of Deed of Trust to HSBC as Assignee, of record in the land records of Loudoun County, Virginia. America's Servicing Company ("ASC"), a division of Wells Fargo, is now servicing the Loan on behalf of HSBC.

Plaintiff stopped making payments on the Loan about one year ago, when the interest rate began changing to 7%, 8%, and occasionally 4.5%. Plaintiff ultimately defaulted on the Loan and a Notice of Default was filed. Plaintiff filed the instant action pro se on March 7, 2013, mainly contesting the amounts paid on the Loan, the remaining balance, and the identity of the entity entitled to enforce the Note. The Complaint also alleges eight specific causes of action:

    I.    Negligence by Defendants
    II.   Fraud and Deceit by Defendants
    III.  Accounting
    IV.   Breach of Contract by Defendants
    V.    Unjust Enrichment by Defendants

VI.   Quiet Title
       VII.  Declaratory Relief
       VIII. Violation of Fair Debt Collection Practices Act
             (FDCPA)

Defendants filed the instant Motion to Dismiss on May 9, 2013.

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While the Court must accept well-pled factual allegations as true, it need not accept "a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Under Rule 12(b)(6), "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Twombly, 550 U.S. at 557). A plaintiff must provide more than "labels and conclusions" in demonstrating his entitlement to relief. Twombly, 550 U.S. at 555. Further, while "'a pro se complaint' must be held to less stringent standards than formal pleadings drafted by lawyers," the obligation to present sufficient factual allegations remains. Hinton v. Trans Union, LLC, 654 F. Supp. 2d 440, 446 (E.D. Va. 2009) (quoting Thigpen v. McDonnell, 273 F. App'x 271, 273 (4th Cir. 2008) (unpublished)). If the Court cannot infer more than the "mere possibility of misconduct," then the

Complaint has not demonstrated that the pleader is entitled to relief. Iqbal, 556 U.S. at 679.

In this case, the Complaint fails to state facts upon which the requested relief may be granted. In an attempt to create a dispute surrounding the ownership and oversight of the Loan, Plaintiff offers various unsubstantiated claims centered on the assertion that the correct entity must demonstrate its "standing" as Note Holder before proceeding with foreclosure. However, the Complaint presents no facts that plausibly draw into question Defendants' ownership over the Loan or management of Loan payments. Additionally, the chain of ownership is clear: the original Lender, MortgageIt, Inc., through Mortgage Electronic Registration Systems, Inc. as Beneficiary and Nominee, transferred the Note to HSBC, as documented in a Corporate Assignment of Deed of Trust, with America's Servicing Company servicing the Loan.

Furthermore, Virginia is a non-judicial foreclosure state; under Virginia law, a trustee may foreclose and sell property as security for a loan. Va. Code Ann. § 55-59(7). When signing the DOT, Plaintiff not only acknowledged the Lender's right to foreclose, but also the fact that the Note was freely transferrable. Thus, Defendants need not prove their authority to foreclose. See Horvath v. Bank of NY, N.A., 641 F.3d 617,

623-25 (4th Cir. 2011)(establishing that the Deed of Trust follows any transfer of the Note in this Circuit).

This Court, along with the Fourth Circuit Court of Appeals, has repeatedly rejected this "standing to foreclose" argument in a number of recent lawsuits where borrowers attempted to avoid and delay foreclosure by attacking their lenders. See, e.g., Ruggia v. Wash. Mut., 719 F. Supp. 2d 642, 646 (E.D. Va. 2010), aff'd, 2011 U.S. App. LEXIS 16749 (4th Cir. Aug. 11, 2011); Bolouri v. Bank of Am., N.A., No. 1:10-cv-225, 2010 U.S. Dist. LEXIS 87170, at *11 (E.D. Va. Aug. 24, 2010), aff'd, 2011 U.S. App. LEXIS 16752 (4th Cir. Aug. 11, 2011); Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d 689, 701 (E.D. Va. 2010), aff'd, 2011 U.S. App. LEXIS 15845 (4th Cir. Aug. 1, 2011). Given that Plaintiff's claims primarily work to advance this "standing to foreclose" argument, this Court must reach the same result as the aforementioned cases and dismiss the Complaint largely on these grounds.

As to the first two counts of the Complaint, negligence and fraud, Plaintiff's claims are governed by the two-year catch-all statute of limitations from Virginia Code § 8.01-243(A). Plaintiff alleges that Defendants lost the original Note and therefore acted negligently. However, Defendant SIWPC notified Plaintiff of the Note's misplacement in a letter marked April 5, 2010, more than two years prior to the filing of this suit on

March 7, 2013. Furthermore, Virginia law permits a trustee to proceed to sale of property despite losing the Note, so long as there is written notice. Va. Code Ann. § 55-59.1(B).

Plaintiff also alleges that Defendants acted negligently by failing to maintain proper records and accurately credit payments. While these allegations could have accrued within the two-year window, Plaintiff's negligence claim is insufficient as a matter of law. To state a claim for negligence, Plaintiff must demonstrate "a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage." Blue Ridge Serv. Corp. v. Saxon Shoes, Inc., 271 Va. 206, 218, 624 S.E.2d 55, 62 (2006). Aside from those duties that arose contractually, Plaintiff fails to allege a common law duty owed to him by Defendants, and thus, the negligence claim must be dismissed. See Wert v. Jefferds Corp., No. 08-1755, 2009 U.S. App. LEXIS 9750, at *4 (4th Cir. May 6, 2009)(stating that a duty arising solely from a contract cannot provide grounds for a negligence claim).

As to the fraud claim, Plaintiff alleges that he was induced by Defendants to enter the Loan under "cryptically oppressive" terms and conditions. Because this claim would have accrued when the Loan was closed, and more than two years have passed since said closing, the fraud claim is clearly time-barred as well. Va. Code Ann. § 8.01-243(A). Plaintiff

subsequently attempts to save his claim from the statute of limitations by invoking the discovery rule. The statute begins to run, however, when the alleged fraud is discovered or should have been discovered by the exercise of reasonable diligence. Rossmann v. Lazarus, No. 1:08-cv-316, 2008 U.S. Dist. LEXIS 81701, at *11-15 (E.D. Va. Oct. 15, 2008) (Cacheris, J.). The burden is on the plaintiff to prove that he or she acted with such reasonable diligence, and yet did not discover the alleged fraud until within the statutory period of limitation. Id. at *15-16. Given that Plaintiff has failed to explain why he was unable to discover the alleged misrepresentations within the two-year period, his application of the discovery rule cannot save his fraud claim. See Tabler v. Litton Loan Servicing, L.P., No. 3:09-cv-146, 2009 U.S. Dist. LEXIS 70768, at *11-13 (E.D. Va. Aug. 12, 2009) (dismissing fraud claim on statute of limitation grounds because the alleged fraud could have been discovered with due diligence).

As to the remaining counts, Plaintiff fails to state a claim upon which relief may be granted. With respect to Plaintiff's request for an accounting of funds, Plaintiff fails to provide any facts that warrant this form of relief. Under Virginia law, an accounting of funds may be granted among those with a partnership or other fiduciary relationship. Signature Flight Support Corp. v. Landow Aviation L.P., 2010 U.S. Dist.

LEXIS 24877, at *49 (4th Cir. Mar. 17, 2010). However, Plaintiff has failed to demonstrate that he has such a relationship with Defendants. Additionally, Virginia law does not typically impose such a relationship in the context of creditors/debtors. See Fryfogle v. First Nat'l Bank of Greencastle, No. 6:07-cv-035, 2009 U.S. Dist. LEXIS 21347, at *22-23 (W.D. Va. Mar. 17, 2009). Therefore, the accounting claim must be dismissed.

Likewise, Plaintiff's breach of contract claim must be dismissed because Plaintiff fails to plead any facts that demonstrate how Defendants violated the terms of the Loan documents. To recover for breach of contract, Plaintiff must present "the existence of [a] duly executed and enforceable agreement[]; performance, or offers to perform in accordance with the terms of the contract[]; that the [defendant] failed to perform under or breach the agreement; that the breaches are the cause of actual damages sustained by plaintiffs; and that those damages are recoverable under Virginia law." Johnson v. D&D Home Loans Corp., No. 2:07-cv-204, 2008 U.S. Dist. LEXIS 24114, at *18-19 (E.D. Va. Jan. 23, 2008) (quoting Carley Capital Grp. v. Newport News, 709 F. Supp. 1387, 1396 (E.D. Va. 1989)). Plaintiff provides no factual support as to how Defendants improperly applied his payments, nor does he cite to any particular provision of the Note or DOT allegedly violated by Defendants. Because Plaintiff is unable to present these basic

elements, he cannot recover on his breach of contract claim. See Howl v. Bank of Am., N.A., No. C 11-887, 2013 U.S. Dist. LEXIS 33167, at *19-21 (N.D. Cal. Feb. 19, 2013) (dismissing breach of contract claim because plaintiff failed to "state which provision he alleges Defendants violated or how their crediting of his payments violated any particular provisions").

As evidenced by the preceding claims, an express contract governs the subject matter of the instant case and Plaintiff's relationship with the Defendants is purely contractual. When a contract governs an agreement between parties, "the equitable remedy of restitution grounded in quasi-contract or unjust enrichment does not lie." Carolina Conduit Sys. v. MasTec N. Am., Inc., 2011 U.S. Dist. LEXIS 12257, at *8 (E.D. Va. Oct 24, 2011) (quoting WRH Mortgage, Inc. v. S.A.S. Assocs., 214 F.3d 528, 534 (4th Cir. 2000)). Thus, Plaintiff's unjust enrichment claim is unwarranted and must also be dismissed.

In order to recover on his quiet title claim, Plaintiff must demonstrate that he has superior title to the Property. See Maine v. Adams, 277 Va. 230, 238, 672 S.E.2d 862, 866 (2009). Plaintiff discontinued his Loan payments a year ago, however, and has failed to present any facts indicating ownership of the Property superior to that of Defendants'. The quiet title claim must therefore be dismissed.

Similarly, the Court is unable to grant Plaintiff's claim for declaratory judgment. A request for declaratory judgment "cannot be used to redress alleged past wrongs;" if the questionable conduct has already occurred or the damages have already been suffered, then the claim is untimely. See Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d 689, 695 (E.D. Va. 2010). In the instant case, the alleged wrongs, i.e. improperly applying payments and inducing Plaintiff to enter the Loan, have already occurred and therefore render declaratory relief inapplicable. In addition, there is no real controversy between the parties as to who has authority over the Note or DOT. Plaintiff admits in his own Complaint that "Wells Fargo, is the entity to whom the rights under the Note currently may reside as a holder in due course." Declaratory relief would therefore be inconsistent with Virginia's non-judicial foreclosure laws and the claim must be dismissed. See Bolouri v. Bank of Am., N.A., 2010 U.S. Dist. LEXIS 87170, at *14.

Finally, Plaintiff fails to state a claim under the Fair Debt Collection Practices Act (FDCPA). In order to state a claim under the FDCPA, Plaintiff must prove that (1) he was the object of collection activity arising from consumer debt, (2) Defendants are considered debt collectors under the FDCPA, and (3) Defendants engaged in an act or omission prohibited by the FDCPA. See Dikun v. Streich, 369 F. Supp. 2d 781, 785 (E.D. Va.

2005). Plaintiff has not pled any facts that demonstrate how Defendants allegedly violated the FDCPA. Moreover, Defendants qualify as creditors under the FDCPA, not debt collectors. 15 U.S.C. § 1692a(4), (6); see also, Ruggia v. Wash. Mut., 719 F. Supp. 2d 642, 647 (E.D. Va. 2010) ("[M]ortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA."). Thus, this claim, like the seven before, amounts to nothing more than a bare assertion and must be dismissed.

For the foregoing reasons, Defendants' Motion to Dismiss must be granted and this case must be dismissed.

An appropriate order shall issue.

/s/<br>
Claude M. Hilton<br>
United States District Judge

Alexandria, Virginia
July 24, 2013